**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **JORGE GARCIA-MONAGAS, et al.,**<br>    **Plaintiffs,**<br><br>          v.<br><br>**W. HOLDING COMPANY, INC. d/b/a WESTERNBANK OF PUERTO RICO, et al.,**<br>    **Defendants.** | **Civil No. 07-1217 (ADC)** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiffs, Jorge García-Monagas, Diego García-Monagas and Giselda García-Monagas ("plaintiffs"), filed suit against, amongst others, Myriam García-Barber, Flavia Vilella-García, Fiori Vilella-García, Zulma Vilella-García, Manuel Moreda, Blanca Toledo- deMoreda, Frank C. Stipes-García, Ileana García-Ramírez De Arellano and Fredeswinda García-Ramírez De Arellano ("co-defendants"),[1] alleging a scheme to defraud them of property originally belonging to plaintiffs' grandmother which plaintiffs claim should have been "reserved" for their benefit. **Docket No. 93**.[2]

Now before the court is the Report and Recommendation ("R & R") issued by Magistrate-Judge Bruce J. McGiverin ("Magistrate-Judge") on October 16, 2008, which included an order directing plaintiffs' to show cause why the case should not be dismissed as to all defendants. **Docket No. 205.** Plaintiffs' response to the order to show cause and

---

[1] Frank C. Stipes-García, Ileana García-Ramírez De Arellano and Fredeswinda García-Ramírez De Arellano filed a motion to join co-defendants' motions to dismiss on October 28, 2008. **Docket No. 208**. Said request was granted the following day. **Docket No. 210**.

[2] Plaintiffs allege the following causes of action: (1) violation of 18 U.S.C. § 1962(c); (2) violation of 18 U.S.C. § 1962(a); (3) violation of 18 U.S.C. § 1962(a),(b) and (c); (4) bank fraud in violation of 18 U.S.C. § 1344; and (5) securities fraud in violation of 15 U.S.C. § 78j and 78n(a). *Id.* at 55-60. Plaintiffs request damages of up to $15 million, a declaration of plaintiffs' rights under the widow's reserve statute, equitable relief prohibiting alienation of Westernbank shares pending final disposition of this case, treble damages under RICO, and that all Puerto Rico Commonwealth court actions be stayed. *Id.* at 61-62.

objections to the R & R were filed on November 5, 2009. **Docket No. 211**.[3] After conducting a thorough examination of the record, the court **ADOPTS** the R & R in full. Thus, co-defendants' motions to dismiss the complaint (**Dockets Nos. 110, 144, 146**) are **GRANTED**. Furthermore, after reviewing plaintiffs' response to the order to show cause, the court agrees with the Magistrate-Judge's view that the analysis set forth in the R & R applies to all defendants in the case, and therefore, dismisses the case in its entirety.

I.     **Factual and Procedural Background**

Inasmuch as plaintiffs have not made a specific objection to the Magistrate-Judge's recitation of the procedural and factual background, after reviewing the record and the R & R, the Court hereby adopts the same. **Docket No. 205**, at 1-6.

II.    **Standard of Review for Objections to a Report and Recommendation**

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). The objections must specifically identify those findings or recommendations to which objections are being made. "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report she is objecting, or where the objections are repetitive of the arguments

---

[3] Plaintiffs requested an extension of time to file the same on October 17, 2008. **Docket No. 206**. The Magistrate-Judge granted said request on October 28, 2008, giving plaintiffs until November 5, 2008, to file their response to the order to show cause and objections to the R & R. **Docket No. 209**.

already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.").

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

### III. Analysis

#### A. Plaintiffs' Objections to the R & R

Plaintiffs' argue that the Magistrate-Judge erred in dismissing their complaint as to co-defendants because the law of *res judicata* cannot be applied to the present case because no previous litigation affects plaintiffs' rights under the widow's reserve statute, P.R. Laws Ann. tit. 31, § 2731. Specifically, they contend—as they did in response to the motions to dismiss—that the current action is distinct from the previous Commonwealth court proceedings because none of those decisions addressed the specific issue of their rights under the widow's reserve. The Magistrate-Judge, for his part, disagreed with plaintiffs' contention and recommended dismissing the case inasmuch as this "new" argument is nothing more than an attempt to recast their previously unsuccessful arguments.

#### B. Discussion

Notwithstanding plaintiffs attempt to distinguish this action from the plethora of legal actions that preceded it, the court does not agree. Without retreading the path previously

traversed by the Magistrate-Judge—and numerous Commonwealth courts before it—it is evident from the R & R and the prior Commonwealth court judgments that the naming of the widow's reserve statute, and federal laws, does not insulate plaintiffs from dismissal based upon *res judicata*. *See generally* 12 Wright, Federal Practice § 3070.2 (explaining that if the court accepts a report and recommendation, it need not state with specificity what it reviewed; it is sufficient for the court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation). As the R & R explains, under Puerto Rico law, "a mere difference in the legal theories on which two causes of action are grounded does not destroy the identity of thing or cause" under the *res judicata* test. **Docket No. 205**, at 20 (quoting *A & P Gen. Contractors*, 10 P.R. Offic. Trans. 984). Hence, while plaintiffs have changed the tactic in which they attempt to gain access to the contested property, it is, in the Magistrate-Judge's words, "simply the newest in a long series of attempts to stake a claim to property that they have now been contesting for forty years. Invoking a new theory of estate law and wrapping it up in a cloak of federal RICO and securities claims does not 'destroy the identity' of their claim to the very same 'thing or cause' - that is, the contested property and their rights to it - that has been the subject of multiple previous litigations." *Id.*

Alternatively, even if plaintiffs had never previously brought claims under the widow's reserve and federal laws, *res judicata* also bars the litigation in one lawsuit of a claim that could have, and should have, been litigated and adjudicated in a previous lawsuit. *Bonafont-Solis v. American Eagle,* 143 D.P.R. 347 (1997) [1997 P.R. Offic. Trans. at __] ("We have repeatedly held that not only the questions litigated and adjudicated are considered res judicata but also those that could have been litigated and adjudicated properly, even if not raised") (citing *Díaz-Maldonado v. Lacot*, 123 D.P.R. 261, 274 (1989) [23 P.R. Offic. Trans. at__]; *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, 687 [8 P.R. Offic. Trans. 723, 729] (1979)). Accordingly, plaintiffs newest attempt to gain access to property they have been attempting to get for the past forty years is precluded by *res judicata*.[4]

---

[4] It bears noting that plaintiffs' objections to the R & R are nearly identical—albeit more drawn out—to the arguments made in opposition to the motions to dismiss presented to the Magistrate-Judge.

## IV. Conclusion

In light of the foregoing, the R & R (**Docket No. 205**) is **ADOPTED** in full. Consequently, co-defendants' motions to dismiss (**Docket Nos. 110, 144, 146**) are **GRANTED**. Furthermore, the entry of default at **Docket No. 192** against certain co-defendants is **VACATED** and the case is **DISMISSED WITH PREJUDICE** as to all defendants.[5] The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of February, 2009.

                   **S/AIDA M. DELGADO-COLÓN**
                   **United States District Judge**

---

*See Camardo*, 806 F. Supp. at 382 ("[P]arties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.").

[5] *See* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.") .